Spalding, J.
It is contended that the court erred in refusing to grant a new trial, and this being assigned for error, the following points are taken, to wit:
First. The ownership of the house should have been laid in the husband, Andrews.
Second. The court should have rejected the record when offered, to prove that Andrews had been convicted of bigamy.
Third. The defendant was not .proved guilty of burglary under our statute.
Upon due consideration, we are all of opinion that some of the common law rules in respect to the ownership of the dwelling house, in which a burglary has been committed, have little else than their age to recommed them, and may well be dispensed with under our statute.
*316 Burglary, at common law, is the breaking and entering the dwelling house of another, in the night, with intent to commit some felony within the same.
By our statute, it is the breaking and entering into any 'dwell ing house in the night season, with intent, etc.
At common law, if a house be tenanted by a married woman, it must, in all cases, be deemed the house of her husband and not of herself, even although she live separate from her husband.
Under our statute, if it be necessary to aver an ownership at all, we adopt the more simple rule that the person in the visible occupancy and control of the premises, at the time of the burglary, may be set out in the indictment as the owner, whether that person be a tenant of the freehold for years, at will, or by sufferance; and that a feme covert, living apart from her husband, may, for this purpose, be treated as a feme sole.
It appears in the case before us, that Sarah Bowen having a life estate in the premises, was in the exclusive possession and control of the dwelling house in which the burglary is alleged to have been committed ; and, although the marriage ceremony had been performed, and she had lived about three weeks with Andrews as his wife, for nearly a year anterior to the commission of the offense, she had, for some reason, lived by herself and been designated by no other name than that of her deceased husband.
The ownership of the dwelling house, under such circumstances, is well enough laid in “ Sarah Bowen.”
The decision of this question in this manner necessarily disposes of the second point taken by council, for the record evidence was only material if the marriage contract vitiated the indictment.
We have decided that it did not, and now pass on to the more important inquiry whether the proof showed the defendant guilty of burglary under the statute.
It is conceded that our statute contains the word “ forcibly,” which is in addition to the words “ break and enter,” as *317 known to the common law. “ If any person shall in the night season, willfully, maliciously, and forcibly break and enter into any dwelling house,” etc.
It is insisted, and with much plausibility, that, under this statute, the -offense of burglary cannot be committed without some actual force exerted in entering the house.
But, if this be so, how is the degree of force which it is supposed necessary to exert, to be measured ? It surely will not be exacted that a door shall be broken down or a window smashed in pieces.
Undoubtedly, it will be conceded that the degree of force recognized by the common law, will answer the purpose; as raising the latch, or the pushing open of a massive door which is kept shut by its own weight. In these and many like instances, the law, out of pure regard to the sanctity of every man’s castle, construes an entrance, with a felonious intent, and. in the night season, to be a burglarious breaking and entering.
And there can be no breaking without the application of force, actual or constructive.
If, at common law, force was always implied in breaking into a house, how is the offense changed by the statute, which superadds the word “ forcibly ” as a qualifying term ?
For ages it has been considered that the most dangerous sort of burglars were those who would seek to gain an entrance into one’s mansion, not by violence, for that might be resisted, but by art, cunning and circumvention.
It has been wisely ruled, therefore, that “ to knock at the door, and upon opening it, to rush in with a felonious intent, was burglarious, though there was no actual breaking; for the-law will not suffer itself to be trifled with by such evasions.” 4 Blackstone’s Com. 226. Whether the offender gain an entrance by open violence or by deceiving the inmates and knocking at the door after the manner of a peacable citizen, if the intent be felonious, the law implies a forcible breaking of the barriers erected for the security of the dwelling.
*318 A majority of the court are of opinion, that the same rules of 'Construction apply to the offense of burglary under our statute as at common law, and that the defendant was rightly convicted.

Judgment affirmed.

Caldwell, J., dissented as to the second point decided, holding that to constitute burglary under the statute, some degree •of violence must be used in effecting an entry.